UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK HAGEDON,

    Plaintiff,                                      Case No. 20-12213

vs.                                            HON. MARK A. GOLDSMITH

KILOLO KIJAKAZI,
ACTING COMMISSIONER OF
SOCIAL SECURITY,[1]

    Defendant.
_____/

**OPINION & ORDER
GRANTING PETITION FOR ATTORNEY FEES (Dkt. 20)**

        This matter is before the Court on Plaintiff's petition for an award of attorney fees under the Equal Access to Justice Act (EAJA) (Dkt. 20). On June 9, 2021, the underlying case was remanded under Sentence Four of Section 205 of the Social Security Act, 42 U.S.C. § 405(g) (Dkt. 18). A judgment was entered on that same day (Dkt. 19). Plaintiff now seeks to recover fees of $6,885.27 and expenses of $93.50, totaling $6,978.77. Pet. at 4. Defendant filed a response, stating that she does not oppose an award of EAJA fees in this amount. Resp. at 1 (Dkt. 21).

        Under the EAJA, the prevailing party in a civil action may recover fees and expenses incurred by the party in the action, so long as the court does not find that either (i) the Government was "substantially justified" in its administrative decision and its position in the subsequent federal action or (ii) "special circumstances" make an award unjust. 28 U.S.C. §

---

[1] This lawsuit was brought against the prior Commissioner of Social Security, Andrew Saul. After the judgment was entered in this action—but before the instant motion was filed—Kilolo Kijakazi became the Acting Commissioner of Social Security.

2412(d)(1)(A). Further, the amount of EAJA fees must be reasonable. Glass v. Sec. of HHS, 822 F.2d 19, 21 (6th Cir. 1987). Here, there is no dispute that Plaintiff was the prevailing party in the underlying action. Further, Defendant does not argue that either the "substantially justified" exception or the "special circumstances" exception applies. Finally, Plaintiff has produced appropriate evidence to demonstrate that her fees and expenses total $6,978.77. See Schedule of Attorney Services (Dkt. 20-2); Schedule of Costs and Expenses (Dkt. 20-3); Summary of Requests (Dkt. 20-4) (showing Plaintiff's attorney's number of hours and hourly rate); Pl. Attorney Resume (Dkt. 20-5). Defendant does not challenge the reasonableness of this amount.

Accordingly, Plaintiff's petition requesting EAJA fees in the amount of $6,978.77 (Dkt. 20) is granted.

SO ORDERED.

Dated: September 13, 2021  s/Mark A. Goldsmith
Detroit, Michigan  MARK A. GOLDSMITH
United States District Judge

2